## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| TAMARA MORRELL, | |
| Plaintiff, | |
| v. | Case No. 20-cv-05867 |
| BNP MEDIA, INC., | Judge Martha M. Pacold |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tamara Morrell brought this action in Illinois state court against BNP Media, Inc. ("BNP"), alleging violations of the Illinois Human Rights Act (IHRA), 775 ILCS 5/1-101, *et seq.* [1-1].[1] BNP removed this action to federal court and moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, the Rule 12(c) motion [19] is converted to a Rule 56 motion for summary judgment and is granted. This case is dismissed with prejudice. Final judgment will enter.

## BACKGROUND

Because the court converts this Rule 12(c) motion to a Rule 56 motion for summary judgment, the court accepts as true the facts set forth by the non-movant and draws all justifiable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Morrell was employed as a Midwest Integrated Account Manager by BNP.[2] [1-1] ¶ 7. She suffers from a disability (colon cancer) and accompanying symptoms.

---

[1] Bracketed numbers refer to docket entries and are followed by the page and / or paragraph number. Page numbers refer to the CM/ECF page number.

[2] In its answer and in its brief in support of its motion for judgment on the pleadings, BNP asserts that Morrell was employed by BNP Media II, LLC, not BNP. [10] ¶ 7; [20] at 1 n.1. BNP claims that Morrell has incorrectly named it as a defendant, [20] at 1 n.1, but BNP does not specify its relationship to BNP Media II, LLC, argue that it was not bound by the terms of Morrell's Application for Employment, or otherwise contend that it cannot be liable for the actions of BNP Media II, LLC and so should be dismissed from the case. Morrell

*Id.* ¶ 10. She required accommodations from BNP that did not affect her ability to perform her essential job duties. *Id.* ¶ 11. The complaint alleges that BNP terminated Morrell on October 1, 2018, because of her disability and, shortly before her termination, Morrell returned to work from a surgery related to her disability. *Id.* ¶ 12. Morrell alleges that the termination was pretextual and that Morrell's post-surgery performance was similar to her performance in previous years and better than comparators. *Id.* ¶ 14–15.

Morrell filed the complaint in the Circuit Court of Cook County on August 26, 2020. [1-1]. She alleged two claims: Disability Discrimination (Count I) and Failure to Accommodate (Count II) in violation of the IHRA. *Id.* BNP removed the action to this court on October 1, 2020. [1]. BNP answered the complaint, [10], and has now moved for judgment on the pleadings, [19]. The court has jurisdiction pursuant to 28 U.S.C. § 1332. [9].

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. Ordinarily, in ruling on a 12(c) motion, the court may consider the pleadings, including the complaint, the answer, and any documents attached to the pleadings. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). When a party presents matters outside the pleadings on a Rule 12(c) motion, the motion must be treated as a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *see also Interlease Aviation Investors II v. Vanguard Airlines*, No. 02 C 4801, 2004 WL 1149397, at *18 (N.D. Ill. May 19, 2004) ("Where the parties rely on documents beyond the pleadings, however, a court must convert the Rule 12(c) motion into a motion for summary judgment.").

Here, both parties have relied upon documents that are neither attached to nor referenced in the pleadings. BNP attached to its motion an "Application for Employment" that Morrell filled out and signed. [20] at 13. Morrell attached to her response a "Proprietary Information and Confidentiality Agreement" that she also signed and references in her brief. [24-1]. Neither of these documents is incorporated by reference into the pleadings. The complaint does not either explicitly or implicitly refer to the application for employment or the confidentiality agreement. Morrell has not based any of her claims upon a breach of either of these agreements. Therefore, because the parties rely on these documents in their briefing, the court converts BNP's Rule 12(c) motion to a Rule 56 summary judgment motion.

---

does not respond to BNP's claim that she sued the wrong entity. *See* [24]. Because this issue is not relevant for the disposition of the current motion, the court declines to address it and will assume for the purpose of resolving this motion that BNP employed Morrell and was party to any agreements at issue in this case.

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The substantive law controls which facts are material. *Id.*

## DISCUSSION

BNP argues that Morrell's claims are barred as a matter of law and must be dismissed because the employment application that Morrell signed with BNP limits the time period in which Morrell can bring a claim against her former employer to 182 days after the event forming the basis for her complaint occurred. [20] at 1–2, 13. BNP asserts that the employment application is an enforceable contractual agreement to shorten the time to file a claim and that these types of provisions are routinely upheld under Illinois law. *Id.* at 6.

Morrell argues that the employment application cannot be considered in a Rule 12(c) motion and that the limitations period in the application is not enforceable. [24] at 3–5. Specifically, Morrell contends that the limitations period in the application agreement is not enforceable because it was only contained in the employment application "on the fifth and final page, without heading or other distinct declaration, and buried in the final paragraph." *Id.* at 4. Morrell also contends that BNP did not include the agreement in the separate confidentiality agreement she attached to her brief and "never reminded her of the limitations period in the Termination Letter and termination checklist." *Id.* at 5. She contends that in order for her to "knowingly and voluntarily accept this limitations provision, [BNP] had an obligation to at least mention it again, either in subsequent employment contracts . . . or upon her termination of employment." *Id.*

The employment application prohibits Morrell's claims as a matter of law. The employment application unambiguously states: "I agree that if I am employed by the Company: . . . (3) that in partial consideration for my employment, I shall not commence any action or other legal proceeding relating to my employment or the termination thereof more than 182 days after the event complained of and agree to waive any statute of limitations to the contrary." [20] at 16. In the same sentence, the employment application states: "(5) that this constitutes the entire agreement between the Company and myself and that any and all prior agreements are null and void, and that nothing in any documents published by the Company, either before or after this agreement, shall in any way modify the above terms." *Id.* Immediately following the paragraph containing the limitations provision is the sentence: "I HAVE READ, UNDERSTAND AND AGREE TO THE ABOVE STATEMENTS AND CONDITIONS OF EMPLOYMENT." *Id.* Morrell's signature, dated July 26, 2015, appears immediately below this sentence. *Id.* Morrell does not

3

dispute that she signed the agreement. She also does not dispute that she brought her action against BNP outside the contractual 182-day limitations period. *See* [24] at 3–5.

Under Illinois law—which the parties do not dispute governs the employment application[3]—contractual limitations are generally upheld if they are "(1) knowingly and voluntarily accepted, (2) reasonable, and (3) not inconsistent with public policy." *Taylor v. W. & S. Life Ins. Co.*, 966 F.2d 1188, 1203–04 (7th Cir. 1992) (footnotes omitted).

Morrell argues that the limitations period was not entered into knowingly or voluntarily because it was only contained on the fifth[4] and final page without a heading or distinct identifier and because BNP did not remind her of the limitations period once it terminated her. [24] at 4–5. For the same reasons, she also argues that it is unreasonable. *Id.* at 5. She further argues that it would be "against public policy to allow employers to disguise the limitations clause in an employment application, before employment is even granted or commenced, and then fail to include that limitations provision in a subsequent Employment Agreement or anywhere else." *Id.*

But while Morrell focuses on the placement of the limitations period in the employment agreement and argues that defendant did not make it obvious in the contract, she does not contend that she was unaware of the limitations period at the time she signed the contract or that she did not voluntarily accept it. She relies on *Taylor*, where the Seventh Circuit affirmed the district court's holding that a limitations period was voluntarily accepted because the clause was "concisely stated on the first full page of each contract, and the [plaintiffs] signed each one of these contracts." 966 F.2d at 1205. She compares the placement of the limitations period in her employment application with the placement of the limitations clauses in *Taylor* to argue that BNP "disguised" the clause on the final page and paragraph of the application. [24] at 4.

But *Taylor* did not turn on the exact page on which the limitations period appeared so much as whether the plaintiff was aware of the clause and chose to accept it. *See Taylor*, 966 F.2d at 1205; *see also Sgouros v. TransUnion Corp.*, 817 F.3d 1029, 1034 (7th Cir. 2016) ("Generally, a party who signs a written contract is presumed to have notice of all of the contract's terms."); *Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 160 n.10 (7th Cir. 1993) ("It is a fundamental principle of contract law

---

[3] *See Hartford Fire Ins. Co. v. Aaron Indus., Inc.*, No. 18 CV 4123, 2020 WL 91991, at *3, (N.D. Ill. Jan. 8, 2020) ("Parties can waive the choice of law issue by failing to assert it if they submit to Illinois law and rely solely on it." (quotation marks omitted)).

[4] The employment application contains four pages. [20] at 13–16. The limitations period is on the fourth and final page. [20] at 16.

that a person who signs a contract is presumed to know its terms and consents to be bound by them."). Here, Morrell does not argue that she was unaware of the limitations period or any other provision in the employment application when she signed the application or that she did not voluntarily accept the terms of the application. Moreover, the employment application was only four pages long. The terms in which the limitations period appeared were confined to one page and three paragraphs, followed by a sentence in all caps that read: "I HAVE READ, UNDERSTAND AND AGREE TO THE ABOVE STATEMENTS AND CONDITIONS OF EMPLOYMENT." [20] at 16. Morrell's signature appears immediately below this sentence.

Second, Morrell provides no citations for her contention that BNP was under an obligation to remind Morrell about the limitations period when she was terminated or to mention the limitations period in an unrelated confidentiality agreement that she signed as part of her employment. [24] at 5. Morrell had a duty to read the employment application, and she does not assert that she was unaware of the limitations period when she signed the application. *See Wells Fargo Bank, N.A. v. Siegel*, 540 F.3d 657, 663 (7th Cir. 2008) ("A party may not disclaim knowledge of a contract that he has signed by later asserting that he did not read it or understand it.").

Similarly, Morrell provides no citations for her contention that the limitations period here is against Illinois public policy or that it would be unreasonable to hold Morrell to the terms of the employment application in this situation. Moreover, "Illinois has 'routinely upheld contractual provisions shortening a limitations period otherwise provided by statute.'" *Ravenscraft v. BNP Media, Inc.*, No. 09 C 6617, 2010 WL 1541455, at *3 (N.D. Ill. Apr. 15, 2010) (quoting *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 706 (7th Cir. 2004)).

Morrell's argument that the employment application should not be considered in a Rule 12(c) motion is also unpersuasive. [24] at 3–4. Morrell argues that her complaint does not "invite her job application as part of a 12(c) motion for judgment on the pleadings." *Id.* at 3. The court agrees, but Morrell, like BNP, also attached matters outside the pleadings in her response to BNP's motion for judgment on the pleadings. *See* [24-1]. Because the parties have attached matters outside the pleadings and have asked the court to consider those documents in ruling on the motions, the court must convert the motion to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Matrix IV., Inc. v. Am. Nat'l Bank & Tr. Co. of Chi.*, No. 06 C 1661, 2008 WL 4643783, at *8 (N.D. Ill. Oct. 15, 2008) ("If the court considers matters outside the pleadings, however, the court should convert the motion for judgment on the pleadings into a motion for summary judgment.").

Additionally, Morrell argues that summary judgment would be inappropriate here because further discovery is necessary to determine if she was actually aware of the limitations provision. [24] at 3–4. But for the reasons already explained,

5

Morrell has not identified any need for further discovery; under the law, she is bound by the contract she signed whether or not she was subjectively aware of its terms, and the arguments that BNP was obligated to remind her and make her specifically aware of the limitations provision are unpersuasive. *See Paper Exp., Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992) ("Mere ignorance will not relieve a party of her obligations and she will be bound by the terms of the agreement. . . . [A] party who agrees to terms in writing without understanding or investigating those terms does so at his own peril.").

Another court in this district similarly converted a motion to dismiss into a motion for summary judgment and granted the motion in a case also involving an employment dispute with BNP. In *Ravenscraft*, an employee had filled out an employment application with BNP containing a limitations period. 2010 WL 1541455, at *1. Because both parties relied on matters outside the pleadings, including the employment application, and had "briefed the legal effect of the employment application and . . . presented all the material they need," the court converted the motion to a motion for summary judgment and granted it in favor of BNP. *Id*. at *2. Similarly, here, as discussed, both BNP and Morrell rely on matters outside the pleadings and have briefed the legal effect of the employment application. The motion is therefore appropriately considered a motion for summary judgment and is granted.

## CONCLUSION

BNP's Rule 12(c) motion [19] is converted to a Rule 56 motion for summary judgment and is granted. This case is dismissed with prejudice. Final judgment will enter.

Date: February 25, 2022 /s/ Martha M. Pacold

6